BENIGNO CASTRO Y SU ESPOSA ENCARNACIÓN AGOSTINI Y AGOSTINI, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 679.—*Sometido:* Abril 22, 1927. *Resuelto:* Mayo 13, 1927.

1. INFORMACIÓN DE DOMINIO—INSCRIPCIÓN—BIENES ADQUIRIDOS POR HERENCIA—RECIBO DE CONTRIBUCIÓN DE HERENCIA O EXENCIÓN.—Cuando la participación de un heredero en una finca está exenta por la ley del pago de contribución de herencia, no necesita presentar recibo alguno de haberla satisfecho ni acreditar que ha sido exenta de ella.

2. INFORMACIÓN DE DOMINIO—ANTERIORES DUEÑOS O CAUSAHABIENTES—EN GENERAL.—Cuando de la información aparece que la finca fué heredada de la causante por sus dos hijas; que una de éstas fué anterior dueña a uno de los promoventes en su parte que le vendió, el dicho en la información de que se citaron los anteriores dueños admite el que fué citada la causahabiente de aquélla, o sea, la anterior dueña y vendedora.

3. INFORMACIÓN DE DOMINIO—INSCRIPCIÓN—BIENES ADQUIRIDOS POR HERENCIA—PROMOVENTE COMO ÚNICO HEREDERO—JUSTIFICACIÓN.—Justificado el dominio de una finca adquirida parte por herencia, la promovente, en cuanto a dicha parte, no tiene que justificar en el registro que es la única heredera cuando de la propia declaración de dominio aparece que fueron dos las herederas y no hay que justificar omisión alguna de citar los causahabientes del anterior dueño.

4. RECURSOS GUBERNATIVOS—REVISIÓN—CUESTIONES A CONSIDERAR Y RESOLVER—DEFECTOS CONSIGNADOS EN LAS NOTAS RECURRIDAS Y NO IMPUGNADOS.—El Supremo no considerará un defecto subsanable consignado en la nota recurrida cuando el mismo no es impugnado por el recurrente.

NOTA de *Pedro Gómez Lasserre,* R. (Mayagüez), denegando inscripción de una declaración de dominio. *Revocada.*

*Pascasio Fajardo Martínez,* abogado del recurrente; *El Registrador* recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez declaró justificado el dominio de una casa y su solar, que tienen un valor de $300, a favor de los esposos Benigno Castro y Encarnación Agostini y Agostini en una mitad indivisa cada uno, que la esposa heredó de su madre Trinidad Agostini y que el marido compró a Francisca Bayrón, quien la heredó de su madre Trinidad Agostini, habiendo comprado ésta la casa y el solar a Altagracia del Río.

El Registrador negó la inscripción de esa declaración de dominio diciendo, en lo necesario ahora, lo siguiente: "Denegada la inscripción solicitada . . . por los defectos de no acreditarse que la Sra. Agostini y Agostini haya satisfecho la correspondiente contribución de herencia, o haya sido exenta del pago de la misma, del condominio adquirido en la forma expresada arriba, ni que aparezcan citados debidamente los herederos, sucesores o causahabientes de la anterior dueña Trinidad Agostini y Agostini, de quien no se acredita tampoco que la promovente Encarnación Agostini y Agostini sea la única y universal heredera. . . ."

[1] El Código Político en su sección 368, enmendada por la Ley No. 62 del año 1916, impone contribución sobre las herencias pero dispone que no se cobrará a la esposa, hijo, nieto o persona legalmente reconocida como hijo adoptivo del varón fallecido, cuando el valor de tales bienes sea de $5,000 o menos. La sección 378 dice que será obligación del Tesorero de Puerto Rico expedir recibos especiales por triplicado al pagarse dicha contribución; y la sección 379 dispone que ningún tribunal aprobará la división o distribución de los bienes de ningún fallecido a me-

nos de haberse presentado el recibo o los recibos especiales dispuestos en el artículo anterior y que ningún registrador inscribirá instrumento alguno ni fallo, sentencia o auto judicial en relación con la división, distribución o entrega de dichos bienes a menos de haberse presentado el recibo o recibos expedidos por el Tesorero.

En este caso, sin embargo, no tenemos que decidir si la persona que trata de inscribir un expediente de dominio por haber adquirido la finca o parte de ella por herencia tiene que presentar al registrador el recibo de haber pagado dicha contribución, porque siendo la participación de Encarnación Agostini y Agostini de $150, claramente está exenta por la ley del pago de esa contribución y, por tanto, no necesita presentar el recibo de haberla satisfecho ni acreditar que ha sido exenta de ella.

[2, 3] De la declaración de dominio aparece que la finca de Trinidad Agostini fué heredada por mitad por sus hijas Encarnación Agostini y Francisca Bayrón; y como la última fué anterior dueña a Benigno Castro de la mitad que le vendió, siendo al mismo tiempo heredera de la anterior dueña Trinidad Agostini, al decir la corte que fueron citados los anteriores dueños de la finca puede admitirse que fué citada la causahabiente de ella, Francisca Bayrón; ni tenía necesidad Encarnación Agostini de justificar en el registro que es la única heredera de Trinidad Agostini porque de la declaración de dominio aparece que fueron dos las herederas de Trinidad Agostini y porque tal requisito sólo es necesario para justificar por qué no se ha hecho la citación de los causahabientes de la anterior dueña.

[4] También contiene la nota del registrador recurrido la consignación de un defecto subsanable, pero como no ha sido impugnado por los recurrentes no tenemos que considerarlo.

*La nota recurrida debe ser revocada* y ordenarse la inscripción de acuerdo con esta opinión.